

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

**RECEIVED**
FEB 15 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

970 Broad Street, Suite 700
Newark, NJ 07102

(973)645-2700

kgw/rap/2004R01136

April 20, 2005

Timothy M. Donohue, Esq.
Arleo & Donohue, LLC
622 Eagle Rock Avenue
West Orange, New Jersey  07052

6-110 (GEB)

Re:   Plea Agreement with Fernando Dovale

Dear Mr. Donohue:

This letter sets forth the plea agreement between your client, defendant Fernando Dovale, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Fernando Dovale to a one-count Information charging that he conspired with others to engage in the wholesale distribution of prescription drugs at a time when he was not licensed to do so, contrary to 21 U.S.C. §§ 331(t), 333(b)(1)(D), and 353(e)(2)(A), in violation of 18 U.S.C. § 371. If Fernando Dovale enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Fernando Dovale for conspiring with other individuals to engage in the wholesale distribution of prescription drugs from as early as in or about June 2003 through on or about September 9, 2004. Fernando Dovale agrees to waive any statute of limitations with respect to any crime that would otherwise expire after he signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Fernando Dovale agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed

by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Fernando Dovale is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Fernando Dovale ultimately will receive.

Further, in addition to imposing any other penalty on Fernando Dovale, the sentencing judge (1) will order Fernando Dovale to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Fernando Dovale to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Fernando Dovale, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require Fernando Dovale to serve a term of supervised release of at least 2 years and up to 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Fernando Dovale be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Fernando Dovale may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of this Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Fernando Dovale by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature

and extent of Fernando Dovale's activities and relevant conduct with respect to this case.

Stipulations

This Office and Fernando Dovale agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Fernando Dovale from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Fernando Dovale waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil

or administrative matters that may be pending or commenced in the future against Fernando Dovale. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, Immigration and Customs Enforcement, and Citizenship and Immigration Services), or any third party from initiating or prosecuting any civil proceeding against Fernando Dovale.

No Other Promises

This agreement constitutes the plea agreement between Fernando Dovale and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: KEVIN G. WALSH
Assistant U.S. Attorney

APPROVED:

Mark J. McCarren, Chief
Public Protection Unit

       I have received this letter from my attorney, Timothy M. Donohue, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 10/10/05
DEFENDANT FERNANDO DOVALE

_____  Date: 10/10/05
TIMOTHY M. DONOHUE, ESQ.

Plea Agreement With Fernando Dovale

Schedule A

1. This Office and Fernando Dovale recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Fernando Dovale nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Fernando Dovale within the Guidelines range that results from the total Guideline offense level set forth below. This Office and Fernando Dovale further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guideline offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2003, applies in this case. The applicable guideline is § 2N2.1. See U.S.S.G. § 2X1.1(a). U.S.S.G. § 2N2.1 carries a Base Offense Level of 6.

3. Cross Reference § 2N2.1(b)(1) applies because the conspiracy involved fraud, in that purchases and sales of prescription drugs by Fernando Dovale and others were consummated without paperwork required by 21 U.S.C. § 353(e)(1)(A) (hereinafter referred to as "pedigree documents"). Accordingly, pursuant to U.S.S.G. § 2B1.1(a)(2), the Base Offense Level is 6.

4. Sentencing Guideline § 2B1.1(b)(1)(J) applies because the wholesale acquisition cost of the prescription drugs that Fernando Dovale and others sold without pedigree documents totaled $4,116,371. Applying this Specific Offense Characteristic results in an increase of 18 levels.

5. As of the date of this letter, Fernando Dovale has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Fernando Dovale enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Fernando Dovale' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Fernando Dovale will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

6. In accordance with the above, the parties agree

that the total Guideline offense level applicable to Fernando Dovale is 21 (the "agreed total Guideline offense level").

      7. The parties agree that there is no basis for any upward or downward departures or adjustments not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guideline offense level of 21 is reasonable. Accordingly, neither party will seek or argue for any departures or adjustments not set forth herein.

      8. Fernando Dovale knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 21. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 21. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.